UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CRAIG DAVID OVERLA,

                Petitioner,                Case No. 1:21-cv-977

v.                                     Hon. Hala Y. Jarbou

UNITED STATES OF AMERICA,

                Respondent.

_____/

## OPINION

This is a habeas corpus action brought under 28 U.S.C. § 2241 by a federal prisoner who happens to be presently detained in the Mason County Jail on state charges of murder and child abuse. A court must promptly order an answer or grant the writ under § 2241, "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. After undertaking the review required by § 2243, the Court concludes that the petition must be dismissed

## Discussion

### I.      Factual allegations

Petitioner Craig David Overla is presently detained in the Mason County Jail. Petitioner does not allege that he is incarcerated in the Mason County Jail. Indeed, Petitioner does not indicate where he is detained or why. Nonetheless, Petitioner's present location is apparent from the address he provided when he filed his petition. (Pet., ECF No. 1, PageID.6.)

Moreover, the Court is not unfamiliar with Petitioner. He was prosecuted for weapons offenses, pleaded guilty, and was sentenced in this Court. *United States v. Overla*, No.

1:19-cr-100 (W.D. Mich.).   And Petitioner has filed a prior § 2241 petition in this Court

challenging the conditions of the confinement that followed that sentence.  *Overla v. United States*,

No. 1:21-cv-734 (W.D. Mich.).

Petitioner's present detention in the Mason County Jail is only loosely related to

his federal sentence.  Working backward from the address Petitioner provided, the Court examined

publicly available records from the 79th District Court in Mason County, Michigan.  Those records

reveal that Petitioner is charged with first-degree murder and first-degree child abuse.  *See*

https://micourt.courts.michigan.gov/CaseSearch/Court/D79~2 (search "Craig Overla," select Case

ID "21-14602FY") (visited November 28, 2021).  Petitioner is charged with the murder and abuse

of his infant son.  Those crimes are loosely related to his federal weapons charges in that the

weapons were discovered when first responders came to Petitioner's home in response to a call

that Petitioner's son was unresponsive.

Thus, although Petitioner is presently serving a ten-year sentence imposed by this

Court in the federal criminal case, he is detained in Mason County as the state criminal case

proceeds.  Petitioner is scheduled for a preliminary examination on November 29, 2021.

The Court has gleaned this information from Petitioner's prior cases and the public

record.  None of it, not one whit, is presented in the petition.  Petitioner's allegations in the petition

are, at best, cryptic; for example, Petitioner alleges:

> Here comes the movant/plaintiff who files this writ of Habeas Corpus for
> relief and prosecution.  The Writ of Habeas Corpus pursuant 28 U.S.C. § 2241 I am
> filing is in regards to all relevant documentation and the framework to developing
> the literature to the language in purs[uit] of the claim all referenceable in the
> literature to the language any Guidance is greatly appreciated truly.

(Pet., ECF No. 1, PageID.1.)  Petitioner seeks immediate release from custody and damages "for

the time being incarcerated April would make 3 years."  (*Id*., PageID.2.)  Petitioner estimates the

damages at $300,000,000.00.  (*Id*.)  Petitioner's focus on April of 2019 as the commencement of

the apparently wrongful incarceration supports interpreting Petitioner's petition as one attacking

federal custody because Petitioner was arrested on the federal charges during April of 2019.  The

state charges, on the other hand, are relatively recent.

## II.    Discussion

Section 2241 of Title 28, United States Code, limits the federal court's power to

grant the writ of habeas corpus to five circumstances.  Only two might be relevant here.  The first,

§ 2241(c)(1), provides that the writ of habeas corpus may extend to a prisoner when "[h]e is in

custody under or by color of the authority of the United States . . . ."  It appears that Petitioner is

presently in custody under the authority of the United States and the State of Michigan.  "An

individual is held 'in custody' by the United States when the United States official charged with

his detention has 'the power to produce' him." *Munaf v. Green*, 553 U.S. 674, 686 (2008) citing

*Wales v. Whitney*, 114 U.S. 564, 574 (1885).  Although state officials might have the more

immediate ability to produce Petitioner, there is little doubt that the Federal Bureau of Prisons

retains the power to produce Petitioner.  The Supreme Court in *Munaf* made clear that jurisdiction

under 2241(c)(1) would still be appropriate where more than one authority had the power to

produce the prisoner so long as the United States had that power.  *Id.*

The fact that the Court may have jurisdiction to consider the petition under

§ 2241(c)(1) does not mean that Petitioner is entitled to the writ.  He must challenge some aspect

of his federal custody.  Ordinarily such challenges either attack the conviction and/or sentence

pursuant to which the federal prisoner is in custody or they attack how the sentence is being

executed.  The former type of attack is properly raised by motion under 28 U.S.C. § 2255; the

latter type of attack is properly raised by habeas petition under § 2241.  *Hill v. Masters*, 836 F.3d

591, 594 (6th Cir. 2016) (citing *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)).

There are times when challenges to the validity of a conviction or sentence may be properly brought under § 2241.  *Hill*, 836 F.3d at 594 ("Though presenting two distinct avenues for a prisoner's challenge to his incarceration, these petitions [under §§ 2241 and 2255] overlap through the savings clause mechanism of § 2255(e).").  The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added); *Peterman*, 249 F.3d at 461.  Petitioner does not fit within the savings clause because he has not "failed to apply for relief by motion" nor has this Court "denied him relief."  Petitioner recently filed a motion under § 2255 challenging the validity of his conviction and/or sentence.[1]

The remedies Petitioner seeks in this action—release and compensation for the time he has served by virtue of the federal prosecution—suggest that he is challenging the validity of his conviction.  That claim is properly brought by way of a motion under § 2255 and Petitioner has filed such a motion in *United States v. Overla*, No. 1:19-cr-100 (W.D. Mich.).  Petitioner is not allowed to challenge the validity of his conviction in a parallel action under § 2241.  The savings clause that would permit that path to relief is just not applicable here.

Moreover, the § 2241 petition would be entirely duplicative of the earlier-filed § 2255 petition.  "Federal courts do . . . retain broad powers to prevent duplicative or unnecessary litigation."  *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).  Parties generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants."  *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977).

---

[1] At least that appears to be the purpose of the motion.  That motion is no less cryptic than the instant petition.

Accordingly, as part of its inherent power to administer its docket, a district court may dismiss a suit that is duplicative of another federal court suit.  *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Adams v. Cal. Dep't of Health Serv.*, 487 F.3d 684, 688 (9th Cir. 2007); *Missouri v. Prudential Health Care Plan,  Inc.*, 259 F.3d 949, 953–54 (8th Cir. 2001); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2d Cir. 2000); *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997).  The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation," *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952), and protect parties from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991).

An action is duplicative and subject to dismissal if the claims, parties and available relief do not significantly differ from an earlier-filed action.  *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993).  Although actions may not "significantly differ," they need not be identical.  Courts focus on the substance of the complaint, or in this case the petition.  *See*, *e.g. Bailey*, 846 F.2d at 1021 (holding that a complaint was duplicative although different defendants were named because it "repeat[ed] the same factual allegations" asserted in the earlier case).  Considering the substantial identity between the legal claims, factual allegations (or lack thereof), temporal circumstances and relief sought in the present petition and Petitioner's § 2255 motion, The Court concludes that the present action is duplicative.  Therefore, pursuant to the Court's inherent power, this action is alternatively properly dismissed on the grounds that it is duplicative and frivolous.

Although the present petition cannot legitimately attack the validity of his conviction, it could still attack the execution of his sentence.  Such a claim would not be duplicative because a challenge to the execution of a sentence is not properly brought by way of a motion

5

under § 2255.  *See, e.g., United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991) ("Because

defendant Jalili is challenging the manner in which the sentence was being executed, rather than

the validity of the sentence itself, Section 2255 does not apply.").  But Petitioner does not allege

that he is attacking the execution of his sentence nor does he allege facts from which the Court

might infer that he is attacking the execution of his sentence.

The only other provision of § 2241 that might have application here is § 2241(c)(3).

Under that subparagraph, the writ of habeas corpus may extend to a prisoner when "[h]e is in

custody in violation of the Constitution or laws or treaties of the United States . . . ."  That provision

might apply whether Petitioner is held under the authority of the United States or the State of

Michigan.  But Petitioner does not allege that he is in custody in violation of the Constitution or

laws or treaties of the United States.  Although he asks to be released from his confinement and

awarded damages, he never indicates why such relief might be appropriate.  There are no words

in the petition suggesting a violation of the federal constitution or a federal law, nor are there facts

alleged from which the Court might infer such a violation.

Although Petitioner invokes the Court's jurisdiction under 28 U.S.C. § 2241, he has

not made any allegations that might entitle him to relief under that statute.  Accordingly, his

petition is properly dismissed.

## Conclusion

The Court will enter a judgment dismissing the petition.  In § 2241 cases, the Court

need not address whether to grant a certificate of appealability.  *Witham v. United States*, 355 F.3d

501 (6th Cir. 2004).

Dated:   December 2, 2021                              /s/ Hala Y. Jarbou
                                                     HALA Y. JARBOU
                                                     UNITED STATES DISTRICT JUDGE